**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 25-4027**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CARL LEE ROBERT PRICE,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Jacquelyn Denise Austin, District Judge.  (8:24-cr-00635-JDA-1)

———————

Submitted:  October 16, 2025                    Decided:  October 21, 2025

———————

Before KING, AGEE, and RICHARDSON, Circuit Judges.

———————

Affirmed in part and dismissed in part by unpublished per curiam opinion.

———————

**ON BRIEF:**  Mario A. Pacello, STROM LAW FIRM, L.L.C., Columbia, South Carolina, for Appellant.  William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carl Lee Robert Price pleaded guilty to possession of child sexual abuse material, in violation of 18 U.S.C. § 2552A(a)(5)(B), (b)(2).  The district court sentenced Price to 240 months' imprisonment and a lifetime term of supervised release.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court erred by declining to depart or vary from the Sentencing Guidelines range.  The Government has moved to dismiss the appeal with respect to all issues falling within the appeal waiver in Price's plea agreement.  We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue[s] being appealed fall[ ] within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted).  An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.*  "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (citation modified).

Our review of the record, including the plea agreement and the transcript of the Rule 11 hearing, confirms that Price's guilty plea is valid and Price knowingly and intelligently waived his right to appeal his conviction and sentence, except for claims of ineffective assistance of counsel, prosecutorial misconduct, and changes in the law that affect his

2

sentence. We therefore conclude that the waiver is valid and enforceable and his challenge to his sentence falls squarely within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant the Government's motion in part and dismiss the appeal as to all issues within the scope of the appellate waiver. We affirm the remainder of the judgment. This court requires that counsel inform Price, in writing, of the right to petition the Supreme Court of the United States for further review. If Price requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Price.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*